PER CURIAM
Claimants brought this action for damage to their 1996 Pontiac Firebird which occurred when their daughter was operating their automobile on U.S. Route 19 at its intersection with County Route 19/7. At that time, claimants’ daughter came upon a patch of ice on the roadway whereupon she lost control of the automobile and skided across the ice into an embankment. Respondent was at all times herein responsible for the maintenance ofU.S. Route 19 and County Route 19/7. The Court is of the opinion to deny this claim for the reasons set forth herein below.
On the morning of January 25,2002, Chandra Lee DeMary was driving her parents’ automobile on the way to Fairmont Senior High School. Ms. DeMary’s sister was a passenger in the front seat. According to Ms. DeMary it was a very cold morning and she testified that she thought it was light outside although it was 7:10 a.m. She testified she was proceeding at approximately 50 to 55 miles per hour on U.S. Route 19 when the automobile started to skid on an isolated patch of ice. She stated that when she realized the automobile was starting to slide on the road, she slammed on the brakes, the automobile slid from side to side, then the automobile went towards the river on her left, so she grabbed the steering wheel and tried to turn the automobile around to go the other direction away from the river when the automobile slid into the hillside on her right. She described the patch of ice as being one spot on an otherwise ice-free road. The place of this accident was at the mouth *291 of the intersection ofU.S. Route 19 and County Route 19/7 (locally referred to as Hockenberry Hollow). She was familiar with U.S. Route 19 as she traversed this road on her way to and from school each day. She became a licensed driver in June 2001. Fortunately, neither Ms. DeMary nor her sister received personal injuries in this accident, but the automobile was rendered a total loss.
Claimant David DeMary testified that his daughter telephoned him on her cell phone after the accident so he immediately went to the scene. He stated that he observed his daughters and the automobile against the hillside and his truck began to slide prior to his observation of the patch of ice which he described as “black ice” on the road surface where moisture was in the center of the road. He estimated the patch of ice to be 25 feet in length. Photographs taken by Mr. DeMary depict the scene of the accident. He described the weather as being extremely cold and that it was twilight at that time of the morning. He stated that it is his opinion that water on the road came from a railroad above the roadway which flowed towards Hockenberry Hollow and then onto U.S. Route 19, the main road. Since it had rained the day prior to and the night prior to the accident, he said there was probably more water draining in the area where the accident occurred. He was familiar with this road as he travels it daily. He had not reported this condition to respondent prior to his daughter’s accident. Fie further testified that the automobile was a total loss and its value was about $5,100.00 at that time.
Corporal Mark Fetty, a Marion County deputy sheriff, testified that he investigated the accident herein. He testified that it occurred on U.S. Route 19 north of Fairmont close to Hockenberry Hollow. While he was at the scene, he notified respondent that there was a problem so the road could be treated with salt and cinders. He described the accident as occurring when the driver was traveling south on U.S. Route 19 where there was water and ice on the roadway and the driver lost control of her vehicle and the vehicle struck the bank. This was the only incident that morning on this portion ofU.S. Route 19. After his investigation, he concluded that the driver failed to maintain control. He marked his accident report form at the box under contributing circumstances for Ms. DeMary’s failure to maintain control. He described the patch of ice as covering both lanes ofU.S. Route 19, but he did not measure it. He was of the opinion that traveling this section of U.S. Route 19 at 55 miles per hour was too fast for the conditions with the wet spot.
Janet Sammons, crew supervisor for respondent in Marion County, testified that she was on night shift the night of January 24, 2002, until 7:00 a.m. on January 25, 2002. She described U.S. Route 19 as a two-lane, blacktop road marked with a yellow center line and white edge lines. She stated that it is a heavily traveled, main artery running from Rivesville into downtown Fairmont. She had not received any notification of a problem with a wet spot on U.S. Route 19 prior to this incident. She did not have any notice while she was on duty that night of any icy spots at the Hockenberry Hollow intersection with U.S. Route 19.
This Court has held in prior claims that respondent can neither be required nor expected to keep its highways absolutely free of ice and snow at all times, and the presence of an isolated ice patch on a highway during winter months, or a water patch in summer is generally insufficient to charge the State with negligence. Richards v. Division of Highways 19 Ct. Cl.71 (1992); McDonald v. Dept. of Highways, 13 Ct. Cl. 13 (1979); Christo v. Dotson, 151 W.Va. 696, 155 S.E.2d 571 (1967).
*292 In the instant claim, claimants have failed to establish that respondent knew or should have known that the area of U.S. Route 19 at its intersection with County Route 19/7 or Hockenberry Hollow posed a hazardous condition for the traveling public. Respondent did not have notice of excessive water flow across U.S. Route 19 or of the icy conditions that existed there on the date of Ms. DeMary’s accident. The Court also notes that the investigating officer was of the opinion that the driver lost control of her automobile and that speed may have been a contributing factor. The Court concludes that Ms. DeMary was driving her automobile in excess of a reasonable speed for the conditions then and there existing. For these reasons, the Court finds that respondent was not negligent in its maintenance of U.S. Route 19 on the date of the accident herein.
Accordingly, the Court is of the opinion to and does deny this claim.
Claim disallowed.